**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.

AARON J. MARTIN,

                Defendant.

**Case No.** 20-mj-2061DPR

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense of possession, with intent to distribute, a mixture or substance containing a detectable amount of heroin and/or fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in

the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession, with intent to distribute, a mixture or substance containing a detectable amount of heroin and/or fentanyl, a crime for which a sentence 20 years' imprisonment is possible.

The Government further submits that, in light of the Complaint filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C). Section 3142(e) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act. Accordingly, the Government contends that, upon a showing that there exists probable cause that Defendant committed the offense of possession, with intent to distribute, a mixture or substance containing a detectable amount of heroin and/or fentanyl, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure Defendant's appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86. Danger to the community does not only refer to physical violence, but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir. 1990).

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. Since the beginning of October 2019, the Springfield, Missouri, metropolitan area has experienced numerous suspected heroin and/or fentanyl overdoses. The media has reported on multiple fatal overdoses during this time. As an individual involved in the distribution of heroin and/or fentanyl in the area, Defendant represents a substantial danger to the safety of this community.

2. On or about August 31, 2020, law enforcement seized approximately 271 suspected heroin and/or fentanyl capsules from the defendant, a distributive amount;

3. On or about September 15, 2020, law enforcement seized approximately 144 suspected heroin and/or fentanyl capsules from the defendant, a distributive amount;

4. On or about October 14, 2020, law enforcement seized approximately 233 suspected heroin and/or fentanyl capsules from the defendant, a distributive amount. During a post-*Miranda* interview, the defendant admitted he was bringing "opiates" back to Springfield from St. Louis, Missouri, for re-distribution.

5. Since August 29, 2020, law enforcement has documented at least 16 trips the defendant has made to the St. Louis, Missouri, area. In addition, two co-conspirators have given statements to law enforcement indicating they have each received approximately 1,000 capsules of heroin and/or fentanyl from the defendant during the past few months.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

By  */s/ Jessica R. Sarff*
Jessica R. Sarff
Assistant United States Attorney
Missouri Bar No. 69322
901 East St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on October 19, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Jessica R. Sarff*
Jessica R. Sarff
Assistant United States Attorney

4